## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARENA M.,                          )
                                    )
                  Plaintiff,        )       Case No. 1:22-cv-1600
v.                                  )
                                    )       Magistrate Judge Jeannice W. Appenteng
MARTIN O'MALLEY,[1]                 )
Commissioner of Social Security,    )
                                    )
                  Defendant.        )

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Marena M. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Dkt. 11. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing motion for summary judgment in support of affirming the decision. After review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

## BACKGROUND

Plaintiff protectively applied for SSI on April 27, 2018 alleging disability since May 25, 2016 due to fibromyalgia, arthritis, osteoarthritis, and high blood pressure. Administrative Record ("R.") 30, 215-16, 235. Born in February 1970, plaintiff was 48 years old as of the application date, R. 215, making her a younger person (under age 50). 20 C.F.R. § 416.963(c). She subsequently changed age category to a person closely approaching advanced age (age 50-54). 20 C.F.R. § 416.963(d). Though plaintiff completed "4 or more years of college," she has not worked since January 2007 due to her conditions. R. 236.

The Social Security Administration denied plaintiff's application initially on August 17, 2018, and upon reconsideration on April 25, 2019. R. 76–95. Plaintiff filed a timely request for a hearing and on July 20, 2020 she appeared before an administrative law judge ("ALJ"). R. 45–75. The ALJ heard testimony from plaintiff, who was represented by counsel, from plaintiff's mother, and from vocational expert Stephanie Archer (the "VE").[2] *Id.* On July 31, 2020, the ALJ found that plaintiff's fibromyalgia, degenerative disc disease of the cervical and lumbar spine, osteoarthritis/degenerative joint disease of the bilateral knees, and obesity are severe impairments, but that they do not alone or in combination with her non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 32-35.

---

[2] The hearing was held telephonically due to the COVID-19 pandemic.

After reviewing the evidence, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform a reduced range of light work. R. 35-38. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could perform a significant number of jobs available in the national economy, including Cashier, Cleaner, and Marking clerk. R. 38-39. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 39. The Appeals Council denied plaintiff's request for review on January 15, 2021. R. 4-8. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, plaintiff argues that the ALJ: (1) did not adequately assess the limiting effects of her morbid obesity; (2) failed to consider how her non-severe depression and chronic pain affect her ability to meet the mental demands of fulltime work; and (3) erred in assessing her fibromyalgia. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of plaintiff's fibromyalgia.

## **DISCUSSION**

### A.    **Standard of Review**

A claimant is disabled within the meaning of the Social Security Act if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing whether: "(1) the claimant is presently employed; (2) the claimant has a severe impairment or a combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves [her] unable to perform [her] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021); *see also Melvin J. v. Kijakazi*, No. 20 C 3284, 2022 WL 2952819, at *2 (N.D. Ill. July 26, 2022) (citing 20 C.F.R. § 416.920(a)). If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Butler*, 4 F.4th at 501.

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation

requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion."); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**B.     Analysis**

    **1.     Fibromyalgia**

Plaintiff argues that the case must be reversed or remanded because the ALJ failed to properly account for her fibromyalgia in determining her physical RFC. "[F]ibromyalgia is a syndrome involving chronic widespread and diffuse pain throughout the entire body, frequently associated with fatigue, stiffness, skin tenderness, and fragmented sleep." *Michael G. v. O'Malley*, No. 21 C 580, 2024 WL 3791626, at *2 (N.D. Ill. Aug. 12, 2024) (quoting *Cassey A. v. O'Malley*, No. 23-CV-2202-JMS-MG, 2024 WL 3475659, at *4 (S.D. Ind. Jul. 19, 2024)). "Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996). Significantly, "[t]he extent of fibromyalgia pain cannot be measured with objective tests aside from a trigger-point assessment." *Gerstner v. Berryhill*, 879 F.3d 257, 264 (7th Cir. 2018); *Maria T. v. Kijakazi*, No. 20 C 5297, 2022 WL 3999704, at *3 (N.D. Ill. Sept. 1, 2022) (the severity of fibromyalgia "cannot be

measured with laboratory tests"). And because fibromyalgia is "marked by subjective and fluctuating symptoms," *Gebauer v. Saul*, 801 F. Appx. 404, 409 (7th Cir. 2020), patients with fibromyalgia may experience "bad days and good days." *Molly K. v. Saul*, No. 18 C 3415, 2019 WL 3857885, at *6 (N.D. Ill. Aug. 16, 2019).

Plaintiff testified that she can stand for at most 10 minutes, sit comfortably for only 10 to 15 minutes before needing to readjust, and walk less than half a block with pain. R. 55-57. The ALJ rejected this testimony, finding plaintiff capable of light work involving: occasionally lifting, carrying, pushing, and pulling up to 20 pounds; frequently lifting, carrying, pushing, and pulling up to 10 pounds; sitting, standing, and walking for about 6 hours in an 8-hour workday; occasionally climbing ramps, stairs, ladders, ropes, and scaffolds; and occasionally balancing, stooping, kneeling, crouching, and crawling. R. 35.

In reaching this conclusion, the ALJ focused primarily on normal examination findings that he said did not support plaintiff's claimed limitations. These included full strength, intact sensation, full range of motion in the thoracic and cervical spine, and radiological studies showing only mild spondylosis and mild degenerative changes. R. 36-37. Yet "objective testing is not a reliable standard by which an ALJ can go about assessing the credibility of a claimant's fibromyalgia claims." *Sharon B. v. Kijakazi*, No. 20 C 6910, 2023 WL 5096747, at *4 (N.D. Ill. Aug. 8, 2023). *See also Akin v. Berryhill,* 887 F.3d 314, 318 (7th Cir. 2018) ("we are troubled by the ALJ's purported use of objective medical evidence to discredit [the claimant's] complaints of disabling pain because fibromyalgia cannot be evaluated

or ruled out by using objective tests"); *Madrigal v. Saul*, No. 19 C 1349, 2020 WL 2064087, at *4 (E.D. Wis. Apr. 29, 2020) ("[T]hose suffering from [fibromyalgia] have muscle strength, sensory functions, and reflexes that are normal"); *O'Brien v. Berryhill*, No. 17 C 272, 2017 WL 4921960, at *5 (N.D. Ill. Oct. 31, 2017) (remand necessary where "the ALJ did not explain how a finding of normal range of motion, normal gait, 5/5 motor strength, and a neurological examination within normal limits is inconsistent with the debilitating pain associated with fibromyalgia").

The Commissioner suggests there is no error because the ALJ adopted functional limitations set forth by two state agency reviewers. In doing so, however, the ALJ gave insufficient reasons for rejecting a contrary opinion from consulting examiner R. Gupta, M.D. Dr. Gupta found that plaintiff is "unable to do work related activities such as prolonged sitting, standing, or walking and has difficulty lifting, carrying and handling heavy objects due to pain." R. 497. The ALJ determined that this opinion was not persuasive in large measure because it conflicted with findings such as normal gait and full strength. R. 37. But a lack of objective evidence is not a sound basis for dismissing a doctor's opinion as to the limiting effects of a claimant's fibromyalgia. *Michael G.*, 2024 WL 3791626, at *3.

It is also unclear whether the ALJ adequately considered the combined effects of plaintiff's fibromyalgia and morbid obesity (as of April 5, 2019, her BMI was 45.6). The ALJ ignored evidence that plaintiff presented with: a wobbly heel to toe gait; poor stamina; positive Tinel's sign on the right hand; positive straight leg raise bilaterally; tenderness in the shoulders, hips, and knees; chronic myofascial

changes in the paralumbar region and both knees; inability to stoop and squat completely; and difficulty standing from a sitting position. R. 479, 497. Absent any discussion of these deficits, the Court cannot fairly evaluate the ALJ's conclusion that plaintiff is able to stand and walk for 6 hours in an 8-hour workday, and occasionally crawl, stoop and crouch.

Viewing the record as a whole, the ALJ did not provide a logical bridge between the evidence and his conclusion that plaintiff can engage in light work despite fibromyalgia pain. The case must be remanded for further evaluation of this issue.

### 2.    Remaining Arguments

The Court does not find any specific error with respect to plaintiff's remaining arguments. That said, the ALJ should take the opportunity on remand to reassess all aspects of plaintiff's functioning and consider whether pain and depression affect her ability to concentrate, persist, maintain pace, and stay on-task. The ALJ should also reevaluate all of the opinion evidence of record and obtain additional testimony as appropriate.

### <u>CONCLUSION</u>

For the reasons stated above, plaintiff's request to reverse or remand the case [16] is granted, and the Commissioner's motion for summary judgment [17] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 1/15/2025